EDNA BUSKIRK *v.* E. R. BUCKLEW

(No. 7949)

Submitted October 2, 1934. Decided October 9, 1934.

*Wm. T. George,* for plaintiff in error.
*W. P. Samples,* for defendant in error.

WOODS, PRESIDENT:

This is an action against a physician for malpractice and for failure to effect a cure, as agreed. After the plaintiff had completed her evidence, the trial court struck the same and entered judgment for the defendant. Plaintiff brings error.

Plaintiff, in the spring of 1931, consulted with the defendant concerning ringworm on her left hand, and was assured of a cure by the use of x-ray. As a result she

agreed to, and did, submit, at regular intervals, to x-ray treatments. The first and second treatments resulted in an abnormal redness of the portion of the arm and hand exposed to the ray; and, after the third, the forearm and hand were so severely burned that plaintiff was unable to perform any kind of work for weeks, and had not, at the time of the trial (1933) fully recovered the use thereof. She carries scars, due, as she says, to such burn.

Plaintiff testified that when defendant put the machine on her arm for the third treatment it was burned so badly that she could not hold it still; that the machine kept burning and that she kept pulling her arm back from it; that "I told him it was burning my arm so that I couldn't stand it, and I pulled my arm back, and I said, 'Dr. this is burning my arm', and he said to me, 'Oh, hell, you shouldn't mind a little thing like that'." At the completion of this treatment plaintiff was advised not to return as defendant was going to Baltimore. The following morning the plaintiff suffered severe pain as a result of the burn, and later her arm got so bad she could not use it at all—looked like a "big blister". She was compelled to consult another doctor who treated the burn.

The plaintiff is corroborated in regard to the condition of her arm and hand immediately after each treatment; and also to the fact that she was receiving treatment from the defendant at the time of the alleged burn. The scars on her arm and hand were submitted to the view of the jury.

Defendant, on his motion to strike the evidence, took the position that since the exercise of proper skill or care on the part of the physician was an issue, expert medical testimony was essential to show lack of care. While such testimony is ordinarily required in malpractice cases for the purpose of aiding the jurors in determining such issue, we held in *Howell* v. *Biggart*, 108 W. Va. 560, 152 S. E. 323, that situations may arise "where there is such want of skill as to dispense with expert testimony."

The present condition of plaintiff's arm and hand; the condition existing immediately following the third treat-

ment; the continuation of the treatment by defendant in the face of knowledge of the burning; and the apparent abandonment of the patient, are, in our opinion, of such character as to warrant the inference of want of care, the absence of expert testimony notwithstanding. *Howell* v. *Biggart, supra.*

There being sufficient evidence to go to the jury on the question of malpractice, as well as on the contract to effect a cure, we reverse the judgment of the circuit court, and remand the case for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*