# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nicholas Ray Bryant,**
**Plaintiff Below, Petitioner**

**FILED**

**August 30, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-1391** (Marion County 11-C-280)

**The City of Fairmont,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nicholas Ray Bryant, by counsel Jacques R. Williams, appeals the Circuit Court of Marion County's "Order Denying Plaintiff's Motion for New Trial" following the circuit court's granting of a directed verdict to respondent on plaintiff negligence claim.[1] Respondent City of Fairmont, by counsel Boyd L. Warner, filed a response. Petitioner did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal stems from a personal injury action filed by petitioner against respondent as a result of injuries petitioner sustained after jumping from a wall while being chased by respondent's police officers. The case proceeded to jury trial in August of 2012. The evidence in petitioner's case-in-chief consisted of the following: On November 19, 2010, petitioner was walking along Locust Avenue in Fairmont to his dorm room at Fairmont State University, where he was a student. Two of respondent's police cars were parked across the street. The officers pursued petitioner as a result of petitioner walking unsteadily and placing a trash can in the middle of the street. The officers accelerated toward petitioner. Petitioner testified that he was not aware that it was law enforcement that was pursuing him, and he turned and ran up a set of stairs into a yard of a house along Locust Avenue. Petitioner testified that as he jumped from a retaining wall, one of respondent's officers shot him in the back with a taser.[2] Petitioner testified

---

[1]Petitioner also appeals the circuit court's "Order Denying Plaintiff's Motion for Leave to Contact Jurors." As the denial of petitioner's motion for leave to contact jurors after the close of trial had no bearing on the court's granting of directed verdict for respondent, and has no bearing on the outcome of this appeal, we decline to address the issue.

[2]Respondent's version of the incident differs in that the officer claims petitioner had already landed from his jump prior to being shot with the taser.

that his body and limbs became paralyzed in the process of jumping, causing him to land awkwardly. Petitioner suffered injuries as a result of the fall.

At the close of petitioner's case-in-chief, respondent moved for a directed verdict. For the purposes of efficiency, the court continued with respondent's examination of its first witness, Officer Brian Lemley, before addressing respondent's motion. At the conclusion of Officer Lemley's testimony, the court heard argument from the parties on respondent's motion for directed verdict. Respondent contended that petitioner failed to show any violation of a custom or policy of respondent, and failed to show that the actions of the officers did not comply with reasonable, ordinary standards for a police officer in pursuit of a suspect. Petitioner argued that he had presented sufficient evidence to establish a prima facie case of negligence against respondent, and requested the opportunity to re-open his case in chief, to which respondent objected. The court denied petitioner's motion to re-open his case and granted respondent's motion for directed verdict, ruling that: (1) the plaintiff is required to prove in his case-in-chief a duty owed to the plaintiff and a breach of that duty; (2) there was no evidence offered as to the standard of care required with the use of a taser gun; and (3) there was no evidence offered with regard to the duty or breach of duty on behalf of the defendant.

The court dismissed the case by order entered on August 31, 2012. Petitioner filed a motion for new trial, which the court denied by order entered on October 12, 2012. From this order, petitioner appeals.

Petitioner raises two assignments of error related to the dismissal of his case.[3] First, he argues that the evidence presented during his case-in-chief was sufficient to establish a prima facie case of negligence against respondent, and therefore, sufficient to overcome respondent's motion for directed verdict. The standard of review is set forth as follows:

> The appellate standard of review for the granting of a motion for a directed verdict pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmoving party, will sustain the granting of a directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

Syl. Pt. 3, *Brannon v. Riffle,* 197 W.Va. 97, 475 S.E.2d 97 (1996).

Regarding the existence of a duty of care, this Court held as follows in Syllabus Point 3 of *Sewell v. Gregory,* 179 W.Va. 585, 371 S.E.2d 82 (1988):

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have

---

[3]See, footnote 1, *supra.* Petitioner's third assignment of error relates to the court's denial of his motion for leave to contact jurors.

known, anticipate that harm of the general nature of that suffered was likely to result?

It is the trial court's responsibility to determine whether a duty is owed. In this case, petitioner had the burden to establish that the police had a duty to refrain from using a taser on him when he was jumping from a retaining wall while fleeing. Accepting petitioner's version of the incident, we agree with the circuit court that petitioner presented no evidence of a duty, much less a breach of that duty. Instead, petitioner's case involved his own testimony, five fact witnesses who testified concerning petitioner's physical condition before and after the incident, and a medical expert who testified about petitioner's medical records and bills. There was no evidence as to the police's duty.

Petitioner asserts that his own testimony was sufficient to establish the duty. However, the record reveals that petitioner merely recounted his recollection of the incident, and admitted he was inebriated at the time of the incident, making his recollection questionable. Petitioner's testimony would require the jury to assume a duty existed. Additionally, we agree with respondent that police pursuit methods and the proper usage of a taser are not matters of common knowledge and must be addressed by witnesses who have a background and understanding of such matters. *See generally Buskirk v. Bucklew,* 115 W.Va. 424, 176 S.E. 603 (1934); W. Va. R. Evid. 702.

Second, petitioner argues that the circuit court should have permitted him to re-open his case to introduce evidence of respondent's duty and a breach thereof. Petitioner contends that he intended to use respondent's Use of Force–Taser Policy in the trial, but for strategic purposes planned to delay using it until cross-examination of respondent's witnesses. We find that the decision to allow petitioner to re-open his case is a matter that rests within the discretion of the circuit court. *See* Syl. Pt. 4, *Adams v. Sparacio,* 156 W.Va. 678, 196 S.E.2d 647 (1973) ("A motion to reopen a case to permit the introduction of further evidence is addressed to the sound discretion of the trial court and the exercise of such discretion is not subject to review by an appellate court unless there has been an abuse thereof.") In the present case, we find that petitioner had a full and fair opportunity to present the evidence in support of his claims in his case-in-chief, but failed to do so. We find no abuse of discretion by the circuit court holding petitioner accountable for his failure to introduce evidence necessary to prove his claims.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II